**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

TREVOR CHAPLICK,

    Plaintiff,

v.                                            Civil Case No.: PWG-13-2070

JENG FEN MAO, *et al.*,

    Defendants.

**MEMORANDUM**

Plaintiff, the trustee for Canal Vista Trust, listed for sale the Trust's upscale home overlooking the Potomac River. The Defendants, husband and wife realtors, submitted a standard Maryland Association of Realtors contract of sale for the property, which contained a financing contingency. After some negotiation, Plaintiff accepted the contract. When Defendants were unable to obtain financing within the time required, Plaintiff terminated the contract, sold the property to another buyer for more money, and sued the couple to recover as yet unspecified damages. Both Plaintiff and Defendants have filed motions for summary judgment and have moved to seal a number of those filings. Because there are genuine disputes of material fact that must be resolved at trial, the cross-motions will be denied.[1]

---

[1] A hearing is unnecessary in this case because the issues adequately are presented on the filings. *See* Loc. R. 105.6. No responses have been filed to the motions to seal, and the time for doing so has passed. *See* Loc. R. 105.2(a). Plaintiff's Motion and Supplemental Motion to Seal will be GRANTED IN PART and DENIED IN PART; Defendants' Motion to Seal Exhibits to their Reply will be DENIED AS MOOT; Defendants' Amended Motion will be GRANTED; Plaintiff's Motion to Seal his Corrected Reply and Exhibits will be DENIED AS MOOT; and Plaintiff's Amended Motion will be GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND[2]

On July 17, 2013, Plaintiff, trustee of the Canal Vista Trust, filed this breach of contract action stemming from the sale of a home overlooking the Potomac River (the "Property"). Compl. ¶ 7, ECF No. 1. Plaintiff listed the Property for sale in November 2012, asking $1,399,999. *Id.* ¶ 8. Defendants are realtors who approached Plaintiff to purchase the Property, offering a gross purchase price of $1,300,000 on January 22, 2013. *Id.* ¶¶ 10–11, 13. The main document constituting their offer is a standard form contract of sale published by the Maryland Association of Realtors (the "Agreement"). *Id.* ¶ 10.

After some negotiation, the final terms of the Agreement provided that "Buyer's Obligation to purchase the Property is contingent upon Buyer obtaining a written commitment for a loan secured by the Property" with specified terms. Agreement ¶ 9, Pl.'s Mem. Ex. 6, ECF No. 40-6. The financing contingency further stated: "Buyer agrees to make such a written application for this financing as herein described within thirty (30) days." *Id.* ¶ 10. If Plaintiff did not receive Defendants' loan commitment within thirty days, he was permitted to nullify the contract. *Id.* Defendants could nullify the contract with written evidence of their inability to obtain financing. *Id.* The parties considered the Agreement executed on January 30, 2013, Compl. ¶ 21, and the date of settlement was to be March 21, 2013, Agreement ¶ 8.

On February 21, 2013, Defendants were granted a seven-day extension to obtain their loan commitment. Compl. ¶ 28. Before the new deadline, Defendants provided Plaintiff a written Mortgage Loan Commitment (the "Commitment") from Mortgage Capital Partners, Inc. ("MCP"). Compl. ¶¶ 28, 31. Defendants were approved for a mortgage of $870,000 subject to

---

[2] Unless otherwise stated, undisputed facts comprise the background. *See Ricci v. DeStefano*, 557 U.S. 557, 586 (2009); *George & Co., LLC v. Imagination Entm't Ltd.*, 575 F.3d 383, 391–92 (4th Cir. 2009); *Dean v. Martinez*, 336 F. Supp. 2d 477, 480 (D. Md. 2004).

two relevant conditions: (1) satisfaction of "[a]ll underwriting and closing conditions" and (2) "[r]eceipt and review of [Defendants'] IRS tax transcript for 2012." Commitment 1, Yeewen Chang Aff. Ex. A, Defs.' Mot. Ex. 1, ECF No. 8-1. Defendants filed their tax return in early February 2013, Chiayee Mao Aff. ¶ 7, Defs.' Reply Ex. 2, ECF No. 32-2, and submitted numerous timely requests to the IRS for their tax transcripts, *see* Yeewen Chang Dep. 31:6–10, Defs.' Reply Ex. 3, ECF No. 32-3.

Based on the relatively high amount of Defendants' loan, MCP required another bank, EverBank, to serve as the underwriter. *See* Yeewen Chang Dep. 13:20–15:2. EverBank's loan decision letter (the "Loan Decision") imposed a number of additional requirements unrelated to the tax transcripts. *See* Loan Decision 1–4, Pl.'s Mem. Ex. 12, ECF No. 29-12. The Loan Decision, which listed a number of unmet conditions, apparently was sent to MCP but never was relayed to Defendants. *See* E-Mail from Maggie Chen to Michael Tang (Sept. 24, 2013, 3:47 PM), Pl.'s Mem. Ex. 19, ECF No. 29-19; Chiayee Mao Aff. ¶¶ 14–17; *cf.* Pl.'s Corrected Reply 19.

On March 20, 2013, Defendants requested another extension and informed Plaintiff's realtor they would not be able to settle the next day because "the lender" (presumably MCP) had not received Defendants' tax transcripts from the IRS. E-Mail from Jeng Mao to Yasmin Abadian (Mar. 20, 2013, 8:35 PM), Pl.'s Mem. Ex. 20, ECF No. 40-11; *see* Compl. ¶¶ 36–37. Unable to agree on the terms of the extension, Plaintiff terminated the Agreement on March 22, 2012 and re-listed the Property. Compl. ¶ 39. Plaintiff executed a new contract with another buyer on April 15, 2013 and closed in June 2013, *id.* ¶ 40, for a gross price of $1,312,500, *see* Pl.'s Mem. 32 n.6, which exceeded the gross price Plaintiff offered in the Agreement.

## II. DISCUSSION

### A. Motions to Seal

Originally, the parties moved to seal all filings relevant to the motions for summary judgment beginning with Plaintiff's Cross-Motion. *See* Pl.'s Mot. to Seal Mem. On January 14, 2014, I ordered the parties to submit revised motions to seal and redacted documents pursuant to Local Rule 105.11 (D. Md. Jul. 2011), ECF No. 35. Following that Order, Plaintiff submitted redacted versions of his Opposition and Cross-Motion, ECF No. 40, and a Corrected Reply, ECF No. 44. Additionally, the parties each filed redacted versions of several exhibits previously filed under seal. *See* Pl.'s Redacted Mem. Exs. 1–9, 14, 20–22, ECF Nos. 40-1 – 40-13; Pl.'s Redacted Reply Exs. 24–31, ECF Nos. 44-1 – 44-8. In addition to the unredacted versions of those documents, Plaintiff moves to seal his unredacted Opposition and Cross-Motion and exhibits 10–13, 15–19; Defendants move to seal exhibits 2A, 2B, and 6 to their Reply; and Plaintiff moves to seal his unredacted Corrected Reply and exhibits 23, 32–35.

These motions are unopposed, but that "does not dispense of this Court's obligation to conduct a review under Local Rule 105.11." *Solomon v. Dawson*, No. PWG-13-1953, 2013 WL 4747987, at *2–3 (D. Md. Sept. 3, 2013) (citing *Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 576 (D. Md. 2012)). Local Rule 105.11 balances the public's common law right to inspect and copy judicial records and documents, *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), with competing interests that sometimes outweigh the public's right, *see In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984). The public's right of access to dispositive motions and the accompanying exhibits is protected to an even higher standard by the First Amendment. *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988).

4

Once filed in court, the merits of sealing documents must be demonstrated through a motion to seal that presents argument within Fed. R. Civ. P. 5.2, Loc. R. 105.11, and the relevant case law. A protective order jointly prepared by the parties and signed by me was entered to regulate their use of documents during the case, but it is not sufficient, by itself, to justify the continued sealing of filings in court. *See Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004) (quoting *Rushford*, 846 F.2d at 253). Plaintiff explains that a protective order was entered but this begs the question because it does not provide "specific factual representations to justify the sealing and . . . an explanation why alternatives to sealing would not provide sufficient protection." *See* Loc. R. 105.11. Defendants' Amended Motion, however, provides sufficient justification to seal some of the documents that both parties asked be sealed.

Accordingly, Defendants' Motion to Seal will be DENIED AS MOOT in light of Defendants' Amended Motion. Defendants' Amended Motion to Seal will be GRANTED. Plaintiff's Motion to Seal and Supplemental Motion to Seal his Opposition and Cross-Motion each will be GRANTED IN PART and DENIED IN PART. Exhibit 16 properly is sealed, and therefore Plaintiff's motions will be granted as to Exhibit 16. Plaintiff's Memorandum, Table of Contents, Table of Authorities, and Exhibits 1–15 and 17–22 contain no protectable information. Therefore, Plaintiff's motions will be denied as to these filings.[3] Plaintiff's Motion to Seal his unredacted Reply Memorandum and Exhibits will be DENIED AS MOOT in light of Plaintiff's Amended Motion.[4] Plaintiff's Amended Motion will be GRANTED IN PART and DENIED IN PART. Defendants' Amended Motion has provided sufficient detail to seal Exhibits 23, 32, 33, and 35, and therefore Plaintiff's Amended Motion will be granted as to these filings. Plaintiff's

---

[3] The first page of Exhibit 8 contains protectable information, but Plaintiff did not redact any portion of that document in the version he filed publicly.
[4] In the Amended Motion, Plaintiff abandons his argument to seal Exhibit 24.

Corrected Reply does not contain protectable information and Plaintiff has failed to show why redaction would not sufficiently protect Exhibit 34. Therefore, Plaintiff's Amended Motion will be denied as to Plaintiff's Corrected Reply and Exhibit 34.

### B. Cross-Motions for Summary Judgment

Summary judgment is proper when the moving party demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1)(A); *see Baldwin v. City of Greensboro*, 714 F.3d 828, 833 (4th Cir. 2013). When considering cross-motions for summary judgment, the court must consider each motion individually and view "the facts relevant to each . . . in the light most favorable to the non-movant." *Mellen v. Bunting*, 327 F.3d 355, 363 (4th Cir. 2003). The existence of only a "scintilla of evidence" is not enough to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986) (citing cases). Instead, the evidentiary materials submitted must show facts from which the finder of fact reasonably could find for the party opposing summary judgment. *Id.* at 252.

### 1. Breach for Failure to Deliver Purchase Price

Defendants move for summary judgment on the grounds that the Commitment provided to Plaintiff, and therefore the Agreement, was contingent upon their lender's receipt of Defendants' tax transcripts. Defs.' Mot. 3–7. Because the delay was not Defendants' fault, they argue, summary judgment should be entered in their favor. *Id.* Plaintiff opposes this argument and moves for summary judgment on the grounds that Defendants failed to deliver the purchase price by the settlement date, in violation of the Agreement. Pl.'s Mem. 16–26.

6

A genuine dispute of material fact exists as to whether the financial contingency of the Agreement was satisfied, such that Defendants' obligation to perform was triggered. Additionally, it is unclear whether circumstances beyond Defendants' control caused their failure to obtain an unconditional loan commitment. *Id.* at 23–26. If the failure was beyond Defendants' control, a question of fact may exist as to whether Plaintiff assumed that risk. *See Poole v. Coakley & Williams Const., Inc.*, 31 A.3d 212, 231 (Md. 2011) (holding that assumption of risk generally is a question of fact). Arguably, Defendants were required to obtain a mortgage commitment satisfying Section 9 of the Agreement as a condition precedent to Defendants' duty to purchase. *See Goldberg v. Anastasi*, 321 A.2d 155, 157 (Md. 1974) (quoting *Griffith v. Scheungrab*, 146 A.2d 864, 868 (Md. 1959)); *Foard v. Snider*, 109 A.2d 101, 105–06 (Md. 1954). As to the financing condition precedent, Plaintiff argues that Defendants waived their option to avoid performance. *See Elderkin v. Carroll*, 941 A.2d 1127, 1134–35 (Md. 2008). Because the state law is unclear and there are genuine disputes of material fact, summary judgment is improper.

**2. Breach for Failure to Apply for Proper Financing**

Plaintiff argues that Defendants (1) failed to apply for financing in the amount required by Section 9 of the Agreement and (2) failed to satisfy multiple conditions of the lender, resulting in Defendants' inability to receive an unconditional loan commitment. Pl.'s Mem. 14–16. There exist genuine disputes of material fact that preclude the entry of summary judgment on this ground, including (1) whether Defendants applied for financing in the manner contemplated by Sections 9–10 of the Agreement in light of, *inter alia*, the multiple loan applications for various amounts; (2) the extent to which Defendants acted in good faith to resolve all loan conditions, *see Clancy v. King*, 954 A.2d 1092, 1109–10 (Md. 2008) ("Good

7

faith ordinarily is a question of fact." (quoting *David A. Bramble, Inc. v. Thomas*, 914 A.2d 136, 149 (Md. 2007))); and (3) whether Defendants misrepresented their financial ability, *see Merritt v. Craig*, 746 A.2d 923, 933 (Md. 2000) (noting that whether seller made material misrepresentations was a question of fact).

### 3. Damages

Despite this Court's order to do so, Plaintiff did not file a disclosure of damages, which was due on September 10, 2013. *See* Sch. Order, ECF No. 6. The requirements of that disclosure were provided in the Discovery Order, ECF No. 6-1. Plaintiff's actual damages appear to be greatly, if not entirely, mitigated in this case considering the Property's sale price, *see* Defs.' Mot. 3; Pl.'s Mem. 32 n.6, and because "in the absence of special circumstances, attorney's fees are not a proper element of damages in a suit for breach of contract," *Harry's Thrifty Tavern, Inc. v. Pitarra*, 166 A.2d 908, 912 (Md. 1961). Plaintiff SHALL COMPLY with this Court's Discovery Order on or before March 18, 2014. That said, failure to show damages does not bar the claim entirely under Maryland law. *See Taylor v. NationsBank, N.A.*, 776 A.2d 645, 651 (Md. 2001) ("one may recover nominal damages even though he has failed to prove actual damages.").

## III. CONCLUSION

Defendants' Motion for Summary Judgment, ECF No. 8, will be DENIED. Plaintiff's Cross-Motion for Summary Judgment, ECF No. 28, will be DENIED.

Plaintiff's Motion to Seal, ECF No. 30, and Supplemental Motion to Seal, ECF No. 42, will be GRANTED IN PART and DENIED IN PART; Defendants' Motion to Seal Exhibits to their Reply, ECF No. 33, will be DENIED AS MOOT; Defendants' Amended Motion, ECF No. 36, will be GRANTED; Plaintiff's Motion to Seal his Corrected Reply and Exhibits, ECF

No. 38, will be DENIED AS MOOT; and Plaintiff's Amended Motion, ECF No. 47, will be GRANTED IN PART and DENIED IN PART.

Plaintiff SHALL FILE his disclosure of damages pursuant to this Court's Discovery Order on or before March 18, 2014.

A separate order shall issue.


Dated: March 4, 2014                      /S/
                                             Paul W. Grimm
                                             United States District Judge

jwr