# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

TREVOR CHAPLICK,
*Trustee for Canal Vista Trust*,

    Plaintiff,

v.

JENG FEN MAO and
CHIAYEE CHEW MAO,

    Defendants.

Civil Action No. TDC-13-2070

## MEMORANDUM OPINION

On February 26, 2016, the Court issued a Memorandum Opinion and Order granting the Motion for Partial Summary Judgment filed by Plaintiff Trevor Chaplick and denying the Cross-Motion for Summary Judgment filed by Defendants Jeng Fen Mao and Chiayee Chew Mao ("the Maos"). Pending before the Court is the Maos' Motion to Reconsider Grant of Partial Summary Judgment.

The relevant facts are set forth in the Court's February 26, 2016 Memorandum Opinion. *See* Mem. Op. at 2-9, ECF No. 82. In their Motion, the Maos offer two primary arguments in favor of reconsideration: (1) the Court improperly granted summary judgment after finding that the contract was ambiguous; and (2) the Court's ruling was inconsistent with the March 5, 2014 ruling by the Court (Grimm, J.) denying the parties' earlier cross-motions for summary judgment, in violation of the law of the case doctrine. For the reasons set forth below, the Motion is DENIED.

## DISCUSSION

### I. Legal Standard

Because the Court's rulings on the motions for summary judgment did not result in final judgment, the Court construes the motion to reconsider as brought pursuant to Federal Rule of Civil Procedure 54(b). Under Rule 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Reconsideration under Rule 54(b) is at the sound discretion of the district court. *See Am. Canoe Ass'n, Inc. v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003). Although the Rule 54(b) standard is not as exacting as the Rule 59 and 60 standard, *see Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991), revisiting earlier rulings is still "subject to the caveat that 'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again,'" *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (quoting *Zdanok v. Glidden Co., Durkee Famous Foods Div.*, 327 F.2d 944, 953 (2d Cir. 1964)).

### II. Ambiguous Contract

The Maos first argue that the Court erred in granting summary judgment to Chaplick because, they assert, the Court found that the residential contract of sale relating to 13728 Canal Vista Court in Potomac, Maryland ("the Contract") was ambiguous. This argument fails for three reasons.

First, the Maos misread the Court's ruling that Paragraph 13 of the Montgomery County Addendum ("Paragraph 13") did not eliminate the handwritten financing contingency terms in Paragraphs 9 and 10 of the Contract. The Court did not premise its ruling on a finding that the Contract was ambiguous. Rather, the Court's primary analysis "considered together" the various provisions within the four corners of the Contract and, without resorting to extrinsic evidence, determined that its conclusion was "the most reasonable interpretation that gives effect to all of these provisions" and that the Maos' interpretation that the financing contingency terms had been eliminated was "not plausible" and "cannot be reconciled" with other provisions within the Contract. Mem. Op. at 15-16. Thus, the Court implicitly concluded that the Contract was unambiguous and could be interpreted without consideration of extrinsic evidence. *Id.* The Court then proceeded to analyze an alternative basis for reaching the same conclusion: that if the Contract were viewed as ambiguous, the extrinsic evidence would lead to the same result. *See* Mem. Op. at 16 ("*At a minimum*, these provisions could reasonably be read two different ways, such that the Contract's financing contingency terms *would be* ambiguous.") (emphasis added)). Because the Court's ruling was not dependent on a finding of ambiguity, and the Court made no such finding, the Maos have not offered a basis to reconsider it.

Second, although the Maos argue that a court may not grant summary judgment when a contract is ambiguous, the Court's only ruling resulting from its analysis of extrinsic evidence was the *denial* of the Maos' Cross Motion for Partial Summary Judgment. Only the Maos sought summary judgment on this issue, arguing that Paragraph 13 unambiguously eliminated the financing contingency provisions of Paragraphs 9-11. Thus, the Court's ruling relating to Paragraph 13 was that the plain language of the Contract, even when combined with extrinsic

3

evidence, did not warrant judgment in the Maos' favor. It did not grant judgment in favor of Chaplick based on its interpretation of this provision. *See* Mem. Op. at 18.

Third, even to the extent that it would be appropriate to conclude that the Court's grant of summary judgment in favor of Chaplick is implicitly based on its conclusions relating to Paragraph 13, and even if the Court's ruling were dependent on a finding of ambiguity, the Maos are incorrect in their claim that summary judgment can never be granted where the Court finds a contract to be ambiguous. The Maos rely for this proposition on *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979) ("[F]or the intent of the parties to an ambiguous contract is a question of fact which cannot properly be resolved on motions for summary judgment." (quoting *Cram v. Sun Ins. Office, Ltd.*, 375 F.2d 670, 674 (4th Cir. 1967))). In both *Morrison* and *Cram*, however, the court did not stand on such a bright-line rule, but instead went on to analyze the extrinsic evidence carefully to assess whether it indisputably could lead to only one interpretation. *See Morrison*, 601 F.2d at 144-47; *Cram v. Sun Ins. Office, Ltd.*, 375 F.2d 670, 674 (4th Cir. 1967). In more recent guidance, the Fourth Circuit has made clear that there is no absolute bar on granting summary judgment where a contract is ambiguous:

> Even where a court, however, determines as a matter of law that the contract is ambiguous, it may yet examine evidence extrinsic to the contract that is included in the summary judgment materials, and, if that evidence is, as a matter of law, dispositive of the interpretive issue, grant summary judgment on that basis.

*World-Wide Rights Ltd. v. Combe, Inc.*, 955 F.2d 242, 245 (4th Cir. 1992). In another case that post-dates *Morrison* and *Cram*, the Fourth Circuit affirmed a grant of summary judgment when it found that although a contract provision was ambiguous, extrinsic evidence "clearly revealed the intent of the parties," and the nonmoving party had "presented nothing that refuted" that conclusion. *Jaftex Corp. v. Aetna Cas. & Surety Co.*, 617 F.2d 1062, 1063 (4th Cir. 1980).

Here, in its alternative analysis, the Court examined the record and concluded that the extrinsic evidence definitively supported its interpretation of the Contract itself that the parties intended for the typed and handwritten terms in Paragraphs 9 and 10 of the Contract to apply. To the extent there was any extrinsic evidence showing that the Maos had a different understanding of the Contract from Chaplick, it related only to whether a conditional loan commitment could satisfy the financing contingency terms in Paragraphs 9 and 10; there was no evidence that the Maos ever believed during their course of dealing with Chaplick that Paragraphs 9 and 10 had been entirely superseded. Notably, the Maos did not even assert this interpretation of the Contract during the first round of motions for summary judgment and only offered it during the second round "upon further study of the contract" by their attorneys. Defs.' Opp'n Pl.'s Mot. Partial Summ. J. and Defs.' Cross-Mot. Summ. J. at 3, ECF No. 70.

Because there was no extrinsic evidence to indicate that the Maos did not intend for the financing contingency terms in Paragraphs 9 and 10 to be in effect, or that they intended for those terms to be superseded, the Court concluded, consistent with the principle in *World-Wide Rights*, that summary judgment was warranted even if the Contract were analyzed as ambiguous. The Court is permitted to reach such a conclusion, and it sees no reason to reconsider that determination. For these reasons, the Court finds no clear error or manifest injustice that would warrant reconsideration.

## III. Law of the Case

The Maos also argue that the Court erred by not applying the law of the case doctrine to conclude that Judge Grimm's earlier ruling on the first round of summary judgment motions precluded the Court from issuing its ruling. The law of the case doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in

5

subsequent stages in the same case." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). The doctrine is a "practice of courts" and is "not a limit to their power," so a court "has the power to revisit prior decisions of its own or a coordinate court in any circumstances, although as a rule courts should be loath to do so in the absence of extraordinary circumstances." *Id.* at 817 (internal quotation marks omitted). Courts may decline to follow the law of the case (1) when a trial has resulted in "substantially different evidence"; (2) there has been a change in controlling legal authority that has made a contrary decision of law applicable to the issue; or (3) the prior decision was clearly erroneous or would result in manifest injustice. *United States v. Aramony*, 166 F.3d 655, 661 (4th Cir. 1999).

The Maos' argument fails for four reasons. First, Judge Grimm's prior ruling was an interlocutory denial of summary judgment. The United States Court of Appeals for the Fourth Circuit has indicated that the law of the case doctrine does not apply to interlocutory rulings. *See Winchester Homes, Inc. v. Osmose Wood Preserving, Inc.*, 37 F.3d 1053, 1058 n.8 (4th Cir. 1994) (noting that a final judgment is required "to sustain the application of the rule of the law of the case" (quoting *United States v. U.S. Smelting Co.*, 339 U.S. 186, 199 (1950))); *Plotkin v. Lehman*, No. 98-1638, 1999 WL 259669 at *1 (4th Cir. Apr. 30, 1999) ("Interlocutory orders, including denials of motions to dismiss, remain open to trial court reconsideration, and do not constitute the law of the case." (quoting *Perez-Ruiz v. Crespo-Guillen*, 25 F.3d 40, 42 (1st Cir. 1994))); *see also Peralta v. Dillard*, 744 F.3d 1076, 1088 (9th Cir. 2014) ("Pretrial rulings, often based on incomplete information, don't bind district judges for the remainder of the case."). Accordingly, "denial of a summary judgment motion is never law of the case because factual development of the case is ongoing." *Peralta*, 744 F.3d at 1088.

Second, Judge Grimm made no definitive ruling on a point of law. He did not interpret the Contract, in whole or in part. Judge Grimm's main conclusion was that "[a] genuine dispute of material fact exists as to whether the financial contingency of the Agreement was satisfied, such that the Defendants' obligation to perform was triggered" and that "it is unclear whether circumstances beyond Defendants' control caused their failure to obtain an unconditional loan commitment." Grimm Mem. Op. at 7, ECF No. 48. Judge Grimm also identified factual disputes on whether the Maos applied for financing in accordance with the Contract, whether they acted in good faith to resolve all loan conditions, whether they mispresented their financial ability, and whether Chaplick assumed certain risks. But he asserted no discernible "rule of law" that governed the remainder of the case. *See Christianson*, 486 U.S. at 816. Indeed, rather than reach any conclusions of law, Judge Grimm noted that "the state law is unclear," effectively deferring such rulings. Grimm Mem. Op. at 7.

The parties agreed with this conclusion. In light of the general nature of Judge Grimm's opinion, this Court inquired at oral argument whether the prior opinion bound it in any way. Chaplick's counsel took the position that Judge Grimm had not made any legal or factual ruling on whether the financing contingency could be satisfied by a conditional loan commitment, and whether there were conditions that were outside of the Maos' control. Although the Maos' counsel was not explicitly asked whether this Court is bound by any aspect of Judge Grimm's ruling, she did not express any disagreement with this view. She neither articulated any definitive ruling or contractual interpretation by Judge Grimm nor asserted that the law of the case doctrine mandated that the Court follow any particular aspect of Judge Grimm's ruling.

Where Judge Grimm made no ruling relating to the interpretation of the Contract, but instead deferred such issues until a later point in the case, the law of the case doctrine would not

bind the Court. *See Dessar v. Bank of America Nat'l Trust & Sav. Ass'n*, 353 F.2d 468, 470 (9th Cir. 1965) (rejecting the applicability of the law of the case doctrine to the denial of a motion for summary judgment because "[t]he order does not purport to decide the question" but instead "postpones decision of any question" because of the presence of "issuable facts"); *see also Dillon v. BMO Harris Bank, N.A.*, 787 F.3d 707, 715 (4th Cir. 2015) (holding that the law of the case doctrine did not apply because the initial order "contained no rule of law that dictated the resolution" of the later motion); *Sejman v. Warner-Lambert Co., Inc.* 845 F.2d 66, 69 (4th Cir. 1988) (rejecting application of the law of the case doctrine where the court found "scant indication that any determination on the scope of ERISA was ever made" in the earlier litigation).

Third, even if Judge Grimm's ruling could be construed as subject to the law of the case doctrine, this Court's ruling was consistent with any such prior ruling. To the extent that Judge Grimm's ruling could be read to have implicitly adopted a rule of law, it arguably concluded that Chaplick was not entitled to summary judgment because the financing contingency term would not, as a matter of law, require performance regardless of the existence of conditions.[1] The ruling arguably recognized that certain conditions may exist that could provide a basis for the Maos to be released from the Contract if fulfilling them presented circumstances that were beyond their control. In its Memorandum Opinion, this Court agreed with this principle, referencing cases in which a loan commitment conditioned on the sale of the buyer's prior home at a certain price did not satisfy the financing contingency because meeting that condition was not within the buyer's control. *See* Mem. Op. at 21 (citing *Farrell v. Janick*, 542 A.2d 59, 61-62

---

[1] Notably, such a broad approach to the law of the case doctrine would likely have precluded the Maos from arguing that Paragraph 13 superseded Paragraphs 9 and 10 of the Contract, because Judge Grimm's opinion could be read to have implicitly found Paragraphs 9 and 10 to be valid parts of the contract. *See* Grimm Mem. Op. at 2.

(N.J. Super. Ct. Law Div. 1988), and *McKenna v. Rosen*, 570 A.2d 1277, 1278-80 (N.J. Super. Ct. App. Div. 1990)). This Court's grant of summary judgment was not based on a conclusion that a buyer is always responsible for the failure to comply with conditions in a loan commitment letter. Rather, it was based on consideration of the specific conditions at issue and whether compliance should be deemed beyond the Maos' control. Thus, the Court did not contradict any legal principle implicitly adopted by Judge Grimm.

Fourth, the Court's ruling was permissible because it followed the introduction of additional evidence into the record, obtained through discovery after Judge Grimm's ruling, including the depositions of Mr. Mao, Mrs. Mao, and loan officer Michelle Chang relating to the circumstances leading to the delivery of the loan commitment letter, the course of dealing with EverBank, in which EverBank imposed additional underwriting conditions and the Maos requested higher loan amounts, and the Maos' efforts to meet the tax transcript and other remaining conditions. The law of the case doctrine does not preclude a change in ruling based on the introduction of additional evidence. *See Everett v. Pitt Cty. Bd. of Educ.*, 788 F.3d 132, 142 (4th Cir. 2015) ("Once the district court took evidence on the question, it was no longer bound by the law of the case . . . ."); *Peralta*, 744 F.3d at 1088 (finding the law of the case doctrine inapplicable to the denial of a summary judgment motion because "factual development is still ongoing" and any factual dispute "may disappear as the record develops").

With the benefit of this additional evidence, this Court determined that the condition that a tax transcript had to be provided was not comparable to the type of conditions that have been deemed outside of a borrower's control, such as a condition that the borrower's existing home be sold at a particular price. Moreover, with the additional evidence, the Court concluded that several other conditions were left unfulfilled as of the date of closing, including requirements to

provide documentation relating to a large deposit to a BB&T bank account, asset statements for two other bank accounts, and additional documentation relating to the ownership interest in the Essential Realty Group, and that they were not the type of conditions beyond the control of the Maos. *See* Mem. Op. at 8, 22. Because this Court's ruling followed and relied upon the introduction of additional evidence into the record, the law of the case doctrine would not provide a basis to reconsider it.

## CONCLUSION

For the foregoing reasons, the Maos' Motion to Reconsider Grant of Partial Summary Judgment is DENIED. A separate Order shall issue.

Date: August 25, 2016

THEODORE D. CHUANG
United States District Judge