**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **TREVOR CHAPLICK, TRUSTEE** | : | |
| **FOR CANAL VISTA TRUST** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action No. 8:13-cv-02070-TDC** |
| | : | |
| **JENG FEN MAO, et al.** | : | |
| | : | |
| **Defendants.** | : | |

**DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE
EXHIBITS 3, 15, 21, 22, 23, 24 AND 25 AS UNDISCLOSED DOCUMENTS**

Defendants Jeng Fen Mao and Chiayee Mao ("Maos"), by their counsel, Donna E. McBride, Diane E. Feuerherd and Miller, Miller & Canby, Chtd., and pursuant to Rules 12 and 37 of the Federal Rules of Civil Procedure files this motion *in limine* to exclude from evidence plaintiff's exhibits 3, 15, 21, 22, 23, 24 and 25.   The Maos reserve the right to make other objections to exhibits based on hearsay, relevancy or other evidentiary grounds.   For the reasons set forth herein, the Maos respectfully request that the Court grant this motion.

**INTRODUCTION**

On October 19, 2016, less than two weeks before trial, the Plaintiff Trevor Chaplick ("Chaplick") submitted two exhibits – Exhibit 3 and 15 – consisting of 48 pages, each dated October 19, 2016. These exhibits purport to be itemized invoices of the attorneys' fees claimed in this matter.  In a supplemental filing on October 26, 2016, Chaplick again submitted what appear to be the same invoices, and also submitted several new documents (including yet another legal invoice), none of which were produced previously.  Despite requests from the Maos and requirements by this Court and the Federal Rules to produce these documents, none of these

exhibits was disclosed or made available to the Maos *at any time*. Indeed, based on their date, most of these exhibits appear to have been created just last week or this week.

Disclosure of documentation to support his claim for attorney's was required by Rule 26(a)(1)(A)(iii) and requested separately by the Maos both in written discovery and at Chaplick's deposition.   Therefore, Chaplick has known or should have known about the need to disclose this information, as far back as 2013.

Over the course of this litigation, Chaplick sporadically sent a statement of damages, which was limited to the total sum of purported attorneys' fees by the month. (*See, e.g.*, Ex. 2, 4) However, until filing his Pretrial Brief less than two weeks before trial, Chaplick refused to share his invoices, any description or any detail for the work performed, the number of hours worked, or the rate charged to Chaplick.

And importantly, during a status conference on September 22, 2016,  Chaplick, through counsel, very clearly represented to this Court that he had turned over *all documentary evidence* to the Maos and that all exhibits that he intended to rely on at trial had been produced.   That was not true.   Chaplick waited less than 2 weeks before trial to provide any detail about the legal fees that he claims to have incurred as far back as March 2013. And he waited until just 1 week before trial to provide other documents that presumably he will claim support his damages. There is no explanation for this delay, other than to deliberately try to ambush the Maos and prejudice their defense.

In his Pretrial Brief, Chaplick offers no excuse for his refusal to disclose his attorneys' fees invoices earlier. He only offers that the Maos did not ask for them (ECF 96, at 20), which is a sly contradiction from the deposition transcript where counsel for Chaplick agreed to produce these records. *Without doubt*, withholding this relevant information until the eve of trial is

2

extremely harmful to the Maos, whose counsel is busy trying to review the many other documents that were provided and otherwise prepare for trial.  As to the attorney invoices, the Maos now have no opportunity to have them independently reviewed.  It is quite obvious that Chaplick, upon reading the Maos' Pre-Trial Brief, recognized the legal hurdles he now faced by refusing to timely produce these documents. The Maos disclosure of their defenses cannot work to deprive them of a fair trial.

Pursuant to Rule 37(c) and (d), the Maos respectfully request that Plaintiff's Exhibits 3, 15, 21, 22, 23, 24 and 25 be excluded.

## BACKGROUND FACTS

On July 18, 2014, the Maos served Chaplick with Requests for Production of Documents. (Ex. 1) Among those requests, the Maos sought the following documents:

1. All documents that support or negate any position that you have taken or intend to take in this action.

2. All documents relating to any damages claimed by you.

13. Any other documents which the defendant intends to introduce into evidence at the trial of this case.

(Ex. 1) At no time during discovery did the plaintiff ever provide or make available his itemized legal invoices (Exhibits 3, 15 and 21). The sole documentation produced by the plaintiff, and only after this Court's Order (ECF 48, at 8), is a statement entitled "Net Damages from Mao Contract Default," which provided only the sum of fees claimed. (ECF 51-1, *attached hereto as Ex. 2*) Chaplick also did not disclose the loan documents he finally decided to provide this week at Exhibits 22 -25.

On February 18, 2015, during Chaplick's deposition, the Maos' attorney made a specific request for the missing legal invoices:

3

MS. McBRIDE: …I also went through the documents in a lot of detail, and I don't have any invoices from your firm.  I understand they'd have to be redacted, but I don't have any of the actual invoices from your firm.

MR. CAIOLA:   Yeah. I mean we didn't produce those presumably because they included privileged information in them in terms of legal advice and other information.

MS. McBRIDE:   I think they need to be produced but in a redacted form.

MR. CAIOLA:   Yeah.

(Ex. 3, Chaplick's Dep. 95:5-16).   Yet, Chaplick failed to produce or make available for review any invoices, despite the direct request.  Discovery closed on February 23, 2015. (*See* ECF 63) and even after the close of discovery, Chaplick had an ongoing duty to supplement his discovery responses, something that he never did.

Apart from the Maos' requests, Chaplick represented to the Court that all of his documentary evidence had been disclosed to the Maos well-before trial.  During the September 22, 2016 Status Conference, Chaplick, through his counsel, confirmed that he had disclosed all documentation that he intended to rely on at trial. With this in mind, the parties agreed to a one-day trial on November 2nd.

Nevertheless, on October 19, 2016 at 11:57 p.m.,[1] less than two weeks prior to trial, and for the first time, Chaplick disclosed 48 pages of invoices, all of which were unredacted and dated that same day (October 19, 2016).  (ECF 96 (Ex. 3, 15)).  These same 48 pages were again reproduced in a filing on October 26, 2016. (ECF 99).

The late disclosure of these invoices and the other late produced documents is highly prejudicial to the defendants and these undisclosed documents must be precluded at trial.

---

[1] It seems quite clear that Chaplick, by late filing his Pre-Trial Brief, just *3 minutes* prior to the deadline, took advantage of the fact that the Maos filed their Pre-Trial Brief during normal business hours.  His last minute disclosures intended to defeat the Maos' arguments are unfair and should not be tolerated.

**ARGUMENT**

At the outset of this case, Chaplick knew or should have known that he was required to make available the invoices or documentation supporting his substantial attorneys' fees claim, pursuant to Rule 26(a)(1)(A)(iii) and "without awaiting a discovery request":

> (A) . . . a party must, without awaiting a discovery request, provide to the other parties: . . . (iii) a computation of each category of damages claimed by the disclosing party –who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered;

Rule 26(a)(1)(A) (iii).  Additionally, Rule 26(e) requires a party who has responded to a request for production of documents, to supplement the response "in a timely matter if the party learns that in some material respect the … response is incomplete or incorrect…." During Chaplick's deposition, his counsel acknowledged that his response to the Maos' request for production of documents was incomplete and would require supplementation, namely with his attorneys' fees invoices. And yet, Chaplick still refused to do so.

Clearly, Chaplick has violated Rules 26(a)(1)(A)(iii) and Rule 26(e) and must be precluded from relying on invoices and the other late produced documents at trial, pursuant to Rule 37(c)(1), which provides that "[i]f a party fails to provide information…as is required by Rule 26(a) or (e), the party *is not allowed to use that information* or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1) (emphasis added).  In exercising its "broad discretion," a trial court determines whether a party's failure to comply with Rule 26(a) or Rule 26(e) was "substantially justified or is harmless" by considering:

> (1) the surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure that surprise; (3) the extent to which allowing the

testimony would disrupt the trial; (4) the explanation for the party's failure to name the witness before trial; and (5) the importance of the testimony.'" Rambus, 145 F. Supp. 2d at 726 (quoting *Burlington Ins. Co. v. Shipp*, 215 F.3d 1317, 2000 WL 620307, at *4 (4th Cir. May 15, 2000) (per curiam) (unpublished table decision)).

*Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co*., 318 F.3d 592, 597 (4th Cir. 2003).

These rules preserve the Federal Rules of Civil Procedure's crucial role in "mak[ing] a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent." *Rozier v. Ford Motor Co.,* 573 F.2d 1332, 1346 (5th Cir. 1978) (quoting *United States v. Proctor & Gamble*, 356 U.S. 677, 682 (1958)).

The Fourth Circuit in *Southern States*, made clear that, unlike a default judgment sanction under Rule 37(b), an exclusion sanction under Rule 37(c)(1) need not be supported by a finding that the nondisclosing party acted in bad faith. *Southern States*, 318 F.3d at 596 ("[E]xcluding evidence only when the nondisclosing party acted in bad faith would undermine the basic purpose of Rule 37(c)(1): preventing surprise  and prejudice to the opposing party[;] [a]nd, requiring proof that the nondisclosing party acted in bad faith would improperly shift the burden of proof away from that party on the exclusion issue." (citation omitted)).

Here, the *Southern States* factors favor the defendants.  The documents now relied on were never produced to the defendants during discovery and only produced less than 14 days prior to trial.  Indeed, the plaintiff's late disclosures result from the arguments advanced by the defendants in their pre-trial brief that was filed more than 6 hours prior to plaintiff. (ECF 96)  In their pre-trial brief, the Maos argued that under Maryland law, Chaplick was:

> required to submit detailed records of the services performed, including the name of the attorney, the time expended and the hourly rate charged and, "without such records, the reasonableness, vel non, of the fees can be determined only be

conjecture or opinion of the attorney seeking the fees and would therefore not be supported by competent evidence":

> Competent evidence must be presented by the moving party to justify an award of attorney's fees under contract law: (a) the party seeking the fees, whether for him/herself or on behalf of a client, always bears the burden of presenting evidence sufficient for a trial court to render a judgment as to their reasonableness; (b) an appropriate fee is always reasonable charges for the services rendered; (c) a fee is not justified by a mere compilation of hours multiplied by fixed hourly rates or bills issued to the client; (d) a request for fees must specify the services performed, by whom they were performed, the time expended thereon, and the hourly rates charged; (e) it is incumbent upon the party seeking recovery to present detailed records that contain the relevant facts and computations undergirding the computation of charges; (f) without such records, the reasonableness, vel non, of the fees can be determined only by conjecture or opinion of the attorney seeking the fees and would therefore not be supported by competent evidence.

*Rauch v. McCall*, 134 Md. App. 624, 639, 761 A.2d 76, 84-85 (2000).

Clearly concerned about this argument, Chaplick produced detailed summary of legal fees that, notably, were not redacted invoices (thus, the excuse proffered by counsel at the deposition, that the reason for nondisclosure up to that point was that he had yet to redact his own invoices, was not true). (See ECF 96, Ex.'s 3 and 15) It appears that these are not even the actual invoices sent to the plaintiff, rather a recreation since each invoice contains the case caption and is marked with the particular current exhibit number. There can be no doubt that the intent of requiring parties to outline their claims and defenses prior to trial should be abused and allow a party who failed in his discovery obligations to try and correct defects in his case. Given that Chaplick never produced the documents in discovery, or otherwise timely supplemented his discovery responses, and because he specifically advised the Court and defense counsel during the status conference that *all documents had been previously produced*, there can be no question that the Maos are surprised by this new evidence.

7

The second factor, which is the ability for the Maos to cure the surprise, cannot be understated. Producing this information with less than 2 weeks remaining prior to trial has precluded the defendants from offering any evidence to counter the newly presented evidence and to properly make cogent arguments, particularly given that counsel is otherwise in the process of reviewing hundreds of pages of previously produced documents in preparation for trial.

Likewise, the third factor weighs in favor of the Maos. There is no question that the late introduction of this evidence, almost all of which could have been produced years ago, will disrupt the trial. This matter was scheduled for a one day bench trial, however, if the court allows this additional evidence, it will not be possible to complete this case in the one day that was previously set aside. If the case is postponed due to the plaintiff's malfeasance, that delay will only further prejudice the defendants who are seeking finality to this litigation that has been pending for more than three years. Such delay will further prejudice the defendants who will then incur further attorney's fees and be potentially subject to further attorney's fees claimed by the Trust.

The fourth factor, importance of the information, does not support admission of the late produced documents. Here, the plaintiff claims in excess of $200,000 in attorney's fees, a shockingly high number when compared with the plaintiff's alleged actual damages. Moreover, it was the plaintiff's own unreasonable settlement posture prior to initiation of the lawsuit that resulted in the litigation. The plaintiff's (highly inflated) claimed out-of-pocket expenses as a

result of the breach total $35,907.92[2], which when offset by the profit from the resale, bring the actual damages – even assuming we accept that all are reasonable and foreseeable – to approximately $11,000.[3]   When considering that actual losses alleged by Chaplick, and taking into consideration the set-off from the later sale, this case should have been filed in State District Court.

Last, the fifth factor, the plaintiff's explanation for failing to disclose also weighs in favor of the Maos because the plaintiff has not offered *any* explanation for not disclosing these documents sooner – these documents were required to be disclosed under the Federal Rules, requested in written discovery, and were re-requested during the plaintiff's deposition.   At his deposition, Chaplick raised attorney-client privilege as a basis to withhold the invoices, but then seemed to relent when the Maos' counsel stated that redacted copies could be provided.   He cannot use the privilege both as a shield, and later as a sword.

Chaplick refused to produce any detail supporting his overwhelming attorneys' fees until he submitted his pretrial brief.   Yet, for a plaintiff seeking attorneys' fees, detailed records are essential. *Roger E. Herst Revocable Tr. v. Blinds to Go (U.S.) Inc.*, 2011 U.S. Dist. LEXIS 147032, at *6-7 (D. Md. Dec. 20, 2011).[4] That is why the Maos requested these records repeatedly, and have relied on Chaplick's refusal, and, after multiple requests, his failure to do so.   It is troubling that even after the trial was set by Pretrial Scheduling Order (ECF 94, dated

---

[2] This of course does not take into consideration Chaplick's completely unsupported claim for Trustee fees, that are constantly changing.

[3] Counsel for the Maos had numerous discussions with plaintiff's counsel immediately after the lawsuit was filed questioning the federal court jurisdiction given the limited claimed damages and the offset profit from the later sale.

[4] The *Herst* opinion was cited in the Defendants' Pretrial Brief and thereafter repeatedly in the Plaintiff's Pretrial Brief (ECF 96, at 12, 20).

Sept. 26, 2016) and as late as October 14, 2016, counsel for Chaplick continued to send only the general statement of damages, with no detailed records to support the attorneys' fees (*See* Ex. 4, Email from Counsel for Chaplick (Oct. 14, 2016)).  Either Chaplick has known for some time that he was required to have these detailed attorneys' fees records, as part of his burden of proof, and he nevertheless withheld the records from the Maos in order to prejudice their case, *or* he did not know the attorneys' fee invoices were required or relevant (until he read the Maos' Pretrial Brief, filed several hours before his own submission at 11:57 p.m.). It would appear, however, based on Chaplick's citation to the aforementioned *Herst* opinion in its Pretrial Brief (ECF 96, at 12, 20), that Chaplick knew these invoices were required but continued to withhold them from discovery. The Maos should not be prejudiced by Chaplick's repeated refusals to produce his invoices, the late night gamesmanship and the last minute attempt at trial by ambush.

The Maos sought consent to this motion, but consent was not forthcoming.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that this Court enter an Order providing that Plaintiff's Exhibits 3, 15, 21-25 be inadmissible at trial.

Respectfully submitted,

MILLER, MILLER & CANBY

*/s/*_____
Donna E. McBride, Fed. Bar No. 14148
200-B Monroe St.
Rockville, MD 20850
demcbride@mmcanby.com
(301) 762-5212
(301) 762-6044 (fax)
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of October, 2016, a copy of the foregoing was served electronically on:

Paul S. Caiola, Esq.
Gallagher, Evelius & Jones
217 North Charles St., #400
Baltimore, MD 21201

_/s/_____
Donna E. McBride